UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                 Case No. 1:26-cr-11

    v.

                                 Hon. HALA Y. JARBOU
DAVID RAMOS DIAZ,               Chief United States District Judge

       Defendant.

_____/

### GOVERNMENT'S MOTION FOR CONTINUANCE AND BRIEF IN SUPPORT

The United States respectfully moves this Court for a continuance of the trial dates in this case pursuant to 18 U.S.C. §§ 3161(h)(3)(A) and 3161(h)(7)(A).  As discussed below, the delay is requested because an essential witness, Special Agent Aaron Rodgers, has a prepaid vacation planned for the currently scheduled trial date, which is June 1, 2026. The defense does not oppose this request so long as it is limited to one week, and that any new trial date does not fall the week of June 15-26.

### Brief in Support

The final pretrial conference in this matter is scheduled for May 6, 2026, and trial is currently scheduled to begin on June 1, 2026.  The government requests a short continuance of the trial date to accommodate the schedule of the case agent, who is an essential witness.  The government estimates that this will be a one- or two-day trial.  This is the government's first request for a continuance in this matter. The Defendant has previously sought one continuance, which was granted.  (*See* R.19: Order to Continue.)

Any period of delay resulting from a judicially approved continuance is excluded from the requirements of the Speedy Trial Act if the Court concludes that the ends of justice served by the delay outweigh both the public and the defendant's interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).  The Act provides a non-exhaustive list of factors that, alone or in combination, the Court must consider in resolving a motion for a continuance. *See id.* § 3161(h)(7)(B).  These factors include questions of whether failure to grant a continuance would deny the government or the defendant "continuity of counsel" or would otherwise deny the parties "the reasonable time necessary for effective preparation" which would result in a miscarriage of justice. *Id.* The Speedy Trial Act also permits courts to exclude time during which a witness is unavailable. *See* § 3161(h)(3)(A).

Here, there is sufficient justification to continue the trial.  Special Agent Aaron Rogers was the lead agent in the investigation of this case and performed the custodial interview of the defendant. Consequently, he is an essential trial witness. Moreover, as the case agent, his presence is necessary at counsel table for each day of trial. He has a prepaid vacation scheduled for the week of June 1, 2026, which is the currently scheduled trial date.  He will be available for trial except for that week.  Consequently, there are grounds to continue the trial on the basis of § 3161(h)(3)(A).  Section 3161(h)(7)(B), which authorizes ends-of-justice continuances, provides an independent basis for a continuance.

Defense counsel has indicated that it does not oppose a continuance of one week to accommodate Agent Roger's schedule.  It indicates that it would oppose any continuance for longer than that.  In addition, one of the defense attorneys is unavailable

the week of June 15-26, so defense counsel specifically opposes any continuance to that week.

For these reasons, the government respectfully requests a short continuance of the currently scheduled trial date.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated: April 24, 2026

/s/ *Clay Stiffler*
CLAY STIFFLER
Assistant U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501
(616) 456-2404

3