UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 1:26-cr-00011

         vs.                  Hon. Hala Y. Jarbou
                                      Chief U.S. District Judge

DAVID RAMOS DIAZ,

                Defendant.

_____/

**JOINT STATEMENT OF THE CASE AND**
**ELEMENTS OF THE CHARGED OFFENSE**

The United States of America, by its attorneys, Timothy VerHey, United States Attorney, and Clay Stiffler, Assistant United States Attorney, and the defendant, David Ramos Diaz, by his counsel Samuel Roddy and Marcus Miller, submit the following statement of the case to be read to the jury at the beginning of the trial. The portions highlighted in yellow have been suggested by defense counsel.  The government objects to their inclusion.

Proposed Statement

We are here because a grand jury has charged the defendant, David Ramos Diaz, with four crimes which I will summarize for you, and because the defendant has pled not guilty.  The United States is represented by Assistant United States Attorney Clay Stiffler.   The defendant is represented by Samuel Roddy and Marcus Miller.

1

I will summarize some of the facts and legal issues for you now:

In Count One of the Indictment, the defendant is charged with threatening to kill or injure the President of the United States.   Specifically, he is alleged to have submitted a message directed to the President on the WhiteHouse.gov website that said, "I will kill you … you're so dead mother fukr."

To find the defendant guilty of this offense, the United States must prove (1) the defendant threatened to take the life of, or to inflict bodily harm upon, the President of the United States; and, and (2) the defendant did so knowingly and willfully.   The word "threat" means a statement that is a serious expression of intent to inflict bodily harm that a reasonable observer would perceive to be an authentic threat.   When determining how a reasonable observer would perceive a statement, you should examine the context and circumstances in which a statement was made. Mere political hyperbole is not a threat. To qualify as a threat, the statement need not be communicated to the President of the United States.   The government must show that the defendant had some understanding of the threatening nature of his statements.   It is sufficient to show that the defendant recklessly disregarded a substantial risk that his communication would be viewed as threatening to take the life of, or to inflict bodily harm upon the President.   The government need not prove that the defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made, made the President of the United States feel threatened, or that the President of the United States knew about the threat against him.

2

In Count Two of the Indictment, the defendant is charged with transmitting a threat in interstate commerce a communication containing a threat to injure the person of another.   Specifically, he is alleged to have submitted a message directed to the President on the WhiteHouse.gov website that said, "I will kill you … you're so dead mother fukr."

To find the defendant guilty of this offense, the United States must prove (1) the defendant knowingly transmitted a communication; (2) the communication contained a threat to injure a particular person; (3) the defendant transmitted the communication for the purpose of making a threat, or knowing the communication would be viewed as a threat, or recklessly disregarding a substantial risk that his communications would be viewed as a threat; and (4) the communication was transmitted in interstate commerce.   The word "threat" means a statement that is a serious expression of intent to inflict bodily harm on a particular person that a reasonable observer would perceive to be an authentic threat. When determining how a reasonable observer would perceive a statement, you should examine the context and circumstances in which a statement was made.   Mere political hyperbole is not a threat. To qualify as a threat, the statement need not be communicated to the targeted individual. The government must show that the defendant had some understanding of the threatening nature of his statements.   It is sufficient to show that the defendant recklessly disregarded a substantial risk that his communication would be viewed as threatening violence.   To transmit something in interstate commerce merely means that communication travelled across a state line.   The

3

government need not prove that the defendant knew that the communication would be transmitted across state lines.   The government need not prove that the defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made, made the targeted individual feel threatened or that the targeted individual knew about the threat against him.

In Count Three of the Indictment, the defendant is charged with threatening to kill or injure the President of the United States.   Specifically, it is alleged that that he called the United States Secret Service and left a voicemail stating, "I wanna kill mother fucker Donald Trump. He's dead, he's dead. In 24 hour he's gonna be dead."   The elements of this crime are the same as the elements I previously described for Count One.

In Count Four of the Indictment, the defendant is charged with transmitting a threat in interstate commerce a communication containing a threat to injure the person of another.   Specifically, it is alleged that that he called the United States Secret Service and left a voicemail stating, "I wanna kill mother fucker Donald Trump. He's dead, he's dead. In 24 hour he's gonna be dead."   The elements of this crime are the same as the elements I previously described for Count Two.

The United States brought this case to trial because it believes the defendant is guilty of these crimes, and it is the government's job to prove that beyond a reasonable doubt.   The defendant pled not guilty to the charge.   The Indictment is not any evidence at all of guilt. Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.

4

This presumption of innocence stays with the defendant unless the United States presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

I will give you additional instructions throughout the trial and before your deliberations.

Respectfully submitted,


TIMOTHY VERHEY
United States Attorney

Dated: April 29, 2026        */s/ Clay Stiffler*
CLAY STIFFLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501
(616) 456-2404



DAVID RAMOS DIAZ

/s/ Samuel Roddy
SAMUEL RODDY
MARCUS MILLER
Attorneys for Defendant
50 Louis NW, Suite 300
Grand Rapids, MI 4953
(616) 742-7420


5